**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
LEE DAWN TROUTWEIN THOMAS,          :
                                    :   Civil Action No. 09-4796 (GEB)
            Plaintiff,              :
                                    :
        v.                          :       **O P I N I O N**
                                    :
JEFFREY WILBERT, et al.,            :
                                    :
            Defendants.             :
_____ :

**APPEARANCES:**

Lee Dawn Troutwein Thomas, <u>Pro</u> <u>Se</u>
#722642
A.C. Wagner Youth Correctional Facility
P.O. Box 500
Bordentown, NJ 08505

Michele Jeanette Clark, Esq.
Birdsall & Laughlin, LLC
1720 Highway 34 North
P.O. Box 1380
Wall, NJ 07719
Attorney for Defendants Lester Osborne and Monmouth County Correctional Institution

Eric L. Harrison, Esq.
Methfessel & Werbel, PC
3 Ethel Road, Suite 300
P.O. Box 3012
Edison, NJ 08818-3012
Attorney for Defendants Monmouth County Prosecutor's Office, Luis
    A. Valentin, Stacy Handler and Jeffrey Wilbert

Robert David Towey, Esq.
Aurora Francesca Parrilla, Esq.
Lowenstein Sandler
65 Livingston Avenue
Roseland, NJ 07068
Attorneys for Defendant Global Tel-Link

Paola F. Kaczynki, Esq.
William J. Ferren & Associates
1500 Market Street, Suite 2920
Philadelphia, PA 19102
Attorney for Defendants Edwin Hennelly, Long Branch Police
Department

**BROWN, Chief Judge**

Plaintiff, Lee Dawn Troutwein Thomas, currently incarcerated at the A.C. Wagner Youth Correctional Facility in Bordentown, New Jersey, filed a complaint pro se alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.  On June 6, 2010, counsel for defendant Global Tel-Link filed a motion to dismiss (docket entry 20).  Plaintiff filed a brief in opposition to the motion (docket entry 24), and a cross motion for summary judgment (docket entry 25).  On July 21, 2010, defendants Handler, Monmouth County Prosecutor's Office, Valentin, and Wilbert filed a motion to dismiss (docket entry 35).  On September 10, 2010, defendant Monmouth County Correctional Institution and Osborne filed a motion to dismiss (docket entry 43).  Plaintiff's motion for summary judgment was denied on September 13, 2010 (docket entry 44).  The Court has reviewed all submissions and has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the motions will granted.

## BACKGROUND

According to the complaint, Plaintiff states that while housed at the Monmouth County Correctional Institution pending

his criminal trial, his co-defendant informed jail officials that Plaintiff was attempting to contact someone outside the institution in order to tamper with the victims in his pending criminal case.  Based on those suspicions, a "Joint Task Force," consisting of the Monmouth County Correctional Institution, the Monmouth County Prosecutor's Office, and the Long Branch Police Department requested defendant Global Tel-Link to make a warrantless disclosure of Plaintiff's stored inmate calls from December 1, 2006 to January 4, 2007, to scrutinize the contents of those recordings to determine whether or not the allegations of Plaintiff's co-defendant were true.  Plaintiff's live inmate calls from January 23, 2007 to April 24, 2007 were monitored.  Recorded copies of the calls were disclosed to the Monmouth County Grand Jury by defendant Handler on June 20, 2007.

   The recordings were presented to the Grand Jury.  Plaintiff was heard on a motion contesting the interception of the calls.  According to Plaintiff, the judge found that the interception of calls violated the New Jersey Wiretap Act.  A captain at the Monmouth County Correctional Institution made a statement to a defense investigator that it is not the procedure of the jail to monitor or record inmate calls unless upon application to the court.  A prosecutor confirmed on the record that inmate calls are not monitored by jail officials, but recorded by a system that is owned and serviced by defendant Global Tel-Link.  No

subpoenas had been issued to the defendant requesting disclosure of Plaintiff's stored communications. The Court notes that Plaintiff entered into a plea agreement whereby the charges arising out of the alleged wiretapping violations were dismissed.

Plaintiff asks for monetary relief under 42 U.S.C. § 1983, because interception of his inmate calls was done wilfully, intentionally and without regard to state and federal laws. He seeks to sue various state actor defendants who monitored and released the contents of his calls, and the service that provided access to the calls.

## DISCUSSION

### A. The Motion to Dismiss

The moving defendants ask this Court to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). They argue that Plaintiff has failed to state a claim upon which relief may be granted because Plaintiff's complaint was filed outside of the statute of limitations period, because Plaintiff has not asserted a claim for relief under either the Fourth Amendment, or the relevant wiretapping statutes, because Plaintiff cannot profit from his own wrongdoing, and because Plaintiff has not shown damages due to the fact that the criminal charges based on the monitored phone calls were dismissed.

Plaintiff opposes the motion, arguing that monitoring calls was not in the ordinary course of defendants' investigative

duties, that the consent exception is not applicable concerning calls forwarded to certain defendants' cell phones, that the interceptions made pursuant to the grand jury subpoena violate state and federal wiretapping laws, and that his Fourth Amendment rights were violated.

**B.   Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis.  See Ashcroft v. Iqbal, -- U.S. --, --, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11.  First, the court must separate factual allegations from legal conclusions. See Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.  Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 1950.  Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense."  Id.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible.  See id.

C.   **Wiretapping Statutes and 42 U.S.C. § 1983**

Plaintiff's claims allege a violation of the Wire and Electronic Communications Interception and Interception of Oral Communications Act, 18 U.S.C. § 2510, et seq., which Plaintiff claims entitled him to recover damages under 18 U.S.C. § 2520(a).  This federal wiretapping statute provides that, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this Chapter may in a civil action recover from the person or entity . . . which engaged in that violation . . . . ."  18 U.S.C. § 2520(a).  Plaintiff also asserts a violation of the equivalent New Jersey statute, the New Jersey Wiretap and Electronic Surveillance Control Act, N.J.S.A. 2A:156A-1, et seq.  That statute, in relevant part, provides: "any person whose wire, electronic or oral communication is intercepted, disclosed or used in violation

6

of this Act shall have a civil cause of action against any person who intercepts, discloses or uses or procures any other person to intercept, disclose or use, such communication." N.J.S.A. 2A:156A-24.

Further, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**D.     Analysis**

    1.     Statute of Limitations

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).

Federal courts look to state law to determine the limitations period for § 1983 actions.  See Wallace v. Kato, 549 U.S. 384, 387-88 (2007).  Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. Wallace, supra; Jones v. R.R. Donnelley & Sons, 541 U.S. 369, 382 (2004) (federal civil rights claims under §§ 1981, 1982, 1983 and 1985 are subject to the state statute of limitations for personal injury actions); Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiffs' claims under § 1983.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n. 4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a

8

wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action.  See Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application.  See Wilson, 471 U.S. at 269.

Moreover, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law."  Wallace, 549 U.S. at 388 (emphasis in original).  A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action."  Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982); see also Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994).  "Plaintiff's actual knowledge is irrelevant.  Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable.  Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

Here, Plaintiff states that his calls were disclosed to the Monmouth County Grand Jury on June 20, 2007.  Plaintiff's complaint was not filed until September 9, 2009, more than two

years later.[1]  Therefore, it appears that his complaint was untimely.[2]

> 2. <u>Alternatively, Plaintiff has failed to state a claim upon which relief may be granted.</u>
>
>    a. <u>Wiretapping Statutes</u>

Plaintiff states in his complaint that "parties accepting inmate calls originating out of the M.C.C.I., are made aware by recorded message that Global-Tel-Link may monitor or record inmate calls, [however] the accepting parties were not informed that Det. Wilbert of the Monmouth County Prosecutor's Office and

---

[1] Pursuant to the "prison mailbox rule," a prisoner pleading is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the application is ultimately filed with the court. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988); <u>see</u> <u>also</u> <u>Burns v. Morton</u>, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a <u>pro</u> <u>se</u> prisoner's filing of a habeas petition). Although the Court is unable to determine the exact date that Plaintiff handed his complaint to prison officials for mailing, Plaintiff signed his complaint on September 9, 2009. <u>See</u> <u>Henderson v. Frank</u>, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Accordingly, the Court finds that September 9, 2009 was the date this complaint was filed for purposes of calculating the timeliness of the action, and not the date the complaint was received by the Clerk of the Court on September 17, 2009.

[2] Plaintiff also fails to plead any facts that would justify tolling the statute of limitations. <u>See</u>, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); <u>N.J.S.A.</u> § 2A 14-22 (detailing tolling because of nonresidency of persons liable); <u>Freeman v. State</u>, 347 N.J. Super. 11 (App. Div.), <u>certif.</u> <u>denied</u>, 172 N.J. 178 (2002) (equitable tolling); <u>Lake v. Arnold</u>, 232 F.3d 360, 370 (3d Cir. 2000) (federal tolling doctrine).

10

Det. Hennelly of the Long Branch Police Dept., were also monitoring the calls from the comfort of their own home." (Complt., p. 8). Furthermore, in Plaintiff's opposition to the motion, he admits that inmates are aware that Global Tel-Link is monitoring or recording the conversation. (Opposition, p. 1). He also attaches evidence that "prior to the outgoing calls connecting, both parties of the telephone call are advised, through an automated recording, that Global Tel Link monitors and/or records the telephone conversation." (Opposition, docket entry 27, exhibit DA22, report of Det. Wilbert).

Both the federal and state wiretapping statutes make clear that it is not unlawful to intercept communications where one of the parties consented to the interception. See 18 U.S.C. §§ 2511(2)(c), 2511(d); N.J.S.A. 2A:156A-4c, 2A:156A-4b. In this case, it is clear from the complaint, and Plaintiff's opposition to the motion to dismiss, that Plaintiff admits that he was aware that his phone calls were being monitored and taped. The Court of Appeals for the Third Circuit has held that when an inmate challenges the legality of a wiretap, implied consent is apparent when the inmate is given adequate notice that the call is being recorded, and that the inmate continues with the call. See United States v. Hodge, 85 Fed. App'x 278, 281 (3d Cir. 2003)(citing United States v. Corona-Chavez, 328 F.3d 974, 978 (8th Cir. 2003) (finding implied consent where an inmate chose to

proceed with a phone call after receiving notice of recording); United States v. Hammond, 286 F.3d 189, 192 (4th Cir.), cert. denied, 537 U.S. 900 (2002)(same); United States v. Footman, 215 F.3d 145, 155 (1st Cir. 2000) (same); United States v. Van Poyck, 77 F.3d 285, 292 (9th Cir.), cert. denied, 519 U.S. 912 (1996) (same)).

The Court also notes that under the federal and state wiretapping statutes, any instrument or equipment used by "a law enforcement officer in the ordinary course of his duties" is excluded from the wiretapping laws, in that it is excluded telephone equipment, and thus, cannot "intercept" within the meaning of the statutes. See 18 U.S.C. §§ 2510(5) and 2510(5)(a)(ii); N.J.S.A. 2A:156A-2(c) and 2A:156A-2(d)(1). In this case, therefore, the equipment used by the defendants in the ordinary course of their duties as law enforcement officers, are excluded devices. See, e.g., New Jersey v. Fornino, 223 N.J. Super. 531, 545-546 (App. Div.)(exception applies to telephone equipment used by law enforcement officers in the ordinary course of their duties, reasoning that it would be unreasonable to construe federal and state wiretapping acts as requiring court authorization before telephone equipment regularly used to monitor calls on inmate telephones can be activated), certif. denied, 111 N.J. 570 (1988) and cert. denied, 488 U.S. 859 (1988); Van Poyck, 77 F.3d at 292 (upholding interception of

12

inmate's phone calls under law enforcement ordinary course of duties exception).

Because the complaint alleges that Plaintiff consented to the recording of his calls, and because the calls were monitored on equipment that is excluded from the wiretapping statutes because it was used in the ordinary course of business by a law enforcement officer, Plaintiff has failed to state a claim upon which relief may be granted.

    b.    Fourth Amendment

The Fourth Amendment of the United States Constitution protects individuals from "unreasonable searches and seizures." U.S. Const. amend. IV.  "Since Katz v. United States, 389 U.S. 347 (1967), the touchstone of [Fourth] Amendment analysis has been the question whether a person has a constitutionally protected reasonable expectation of privacy.  The [Fourth] Amendment does not protect the merely subjective expectation of privacy, but only those expectations that society is prepared to recognize as reasonable."  Oliver v. United States, 466 U.S. 170, 177 (1984) (citations, quotation marks and brackets omitted).

Here, Plaintiff has not alleged facts that his Fourth Amendment rights have been violated.  Courts have held that defendants have no reasonable expectation of privacy in non-attorney telephone calls made from a detention center once defendant has received notice of monitoring and recording of such

calls. See, e.g., United States v. Solomon, 2007 WL 2702792 at *1 (W.D. Pa. Sept. 13, 2007) (unpubl.); United States v. Plummer, 2006 WL 2226010 at *6 (W.D. Pa. Aug. 2, 2006)(unpubl.) (holding same), aff'd in part, 341 Fed. App'x 773 (3d Cir. 2009); see also United States v. Willougby, 860 F.2d 15 (2d Cir. 1988) (holding same, and finding that "maintenance of prison security and the preservation of institutional order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of ... pretrial detainees") (internal quotations omitted), cert. denied 488 U.S. 1033 (1989). In United States v. Korbe, 2010 WL 2776337 at *8 (W.D. Pa. 2010) (unpubl.), the district court held that "use of a prison telephone is a privilege, not a right, and a prisoner's choice-even a Hobson's choice-to use a monitored telephone implies his/her consent to be monitored." (citing United States v. Aley, 2009 WL 3364873 at *4 (W.D. Pa. 2009) (unpubl.)).

Likewise, in Goodine v. Lackawanna County Sheriff, the district court held:

> Routine taping of an inmate's calls is reasonable. "Any expectation of privacy in outbound calls from prison is not objectively reasonable and the Fourth Amendment is therefore not triggered by the routine taping of such calls." United States v. Monghur, 588 F.3d 975, 979 (9th Cir. 2009) . . . . Moreover, because of the increased security interest in prisons, and the fact that the noninmates are on notice that the calls are monitored, even the noninmates' privacy rights would not be violated by the interception of calls from inmates to noninmates. United States v. Willoughby, 860 F.2d 15, 21 (2d Cir. 1998).

14

Goodine, 2010 WL 830956 at * 7 (M.D. Pa. 2010)(unpubl.)(internal citations and quotations omitted); see also United States v. Brown, 2008 WL 5377755 at *3 (D.N.J. Dec. 18, 2008) (unpubl.) (detainee has no reasonable expectation of privacy in his non-attorney telephone calls after he has received notice that his calls were going to be monitored and recorded).

In this case, Plaintiff has failed to state a claim as there is no reasonable expectation of privacy that would trigger the Fourth Amendment, and his claims must be dismissed.

> 3. <u>Certain defendants are not proper defendants in § 1983 action.</u>

Alternatively, Plaintiff names certain defendants who must be dismissed from this action.  Defendants Luis Valentin, Monmouth County Prosecutor's Office, and Stacy Handler, are immune from suit in § 1983 actions.  "A state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see also Burns v. Reed, 500 U.S. 478, 490 n.6 (1991)(noting that "there is widespread agreement among the Courts of Appeals that prosecutors are

absolutely immune from liability under § 1983 for their conduct before grand juries.")

Defendant Monmouth County Correctional Institution is not a proper defendant in a § 1983 case and must be dismissed from this action.  See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

## CONCLUSION

For the foregoing reasons, the moving defendants' motions to dismiss are GRANTED.  An appropriate Order accompanies this Opinion.

      /s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., Chief Judge
United States District Court

Dated: January 10, 2011